Putnam J.
The solicitor-general promised to furnish a list, and I think it is right that it should be done. If an indictment is found upon improper evidence, it ought to be known.
Wilde J.
A list of the witnesses has never been refused in a case of this kind.[1]

Per Curiam.

We are of opinion that the list shall be furnished to the counsel for the prisoner.
In impannelling the jury, a juror was asked by the prisoner’s *508 counsel, whether he had formed or expressed an opinion as to the guilt of the prisoner, or was sensible of any bias or prejudice against him ; and upon his answering in the negative, the prisoner challenged him.
Webster,
of counsel for the government, objected that after such an answer it was too late to challenge.
Per Curiam. We are strongly of opinion that the prisoner has a right to challenge under such circumstances. A juror may answer in such manner as to place himself above any legal exception, and yet excite distrust in the mind of the prisoner. The challenge will be peremptory.
Another juror, being questioned, said he did not know whether he had expressed an opinion or not; that from what he had read in the newspapers, he had received an impression unfavorable to the prisoner, but that he had no fixed and definite opinion on the subject; he should be governed by the evidence. The prisoner objected to the juror for cause. The counsel for the government denied that there was cause. The Court then asked the juror, if, in his opinion, he had made up his mind so that he could not give the case an impartial hear ing. The juror replied, “ that he must say that his prejudices were against the prisoner.” The challenge for cause was thereupon allowed.
Another juror, having stated that he had formed an opinion in the case from what he had heard, was asked by the counsel for the government whether he had formed such an opinion as incapacitated him from giving an impartial verdict; he replied that he did not know how much he might be influenced by his preconceived opinion ; whereupon he was challenged for cause by the counsel for the government.[1]
Another juror, who was noted by the clerk to have been sworn in chief, stated, when the panel was called over, that he had been sworn only upon the voir dire. The prisoner’s counsel contended that the minute of the clerk was conclusive, but the Court said if the juror was under the impression that he *509 had been sworn only to answer questions, he ought to be re- . sworn in chiet.
An inquiry was made in regard to excluding from the courtroom, all the witnesses except the one who might be under examination. The Court said that where a motion has been made for that purpose, it has generally been granted.[2] The counsel for the prisoner then requested that the witnesses in the present case might be directed to withdraw, and the Court passed an order accordingly.
The Rev. Henry Colman testified as follows : — “ On the afternoon of May 28th, I went to the prisoner’s cell with his brother N. Phippen Knapp. Phippen said, ‘ Well, Frank, Joseph has determined to make a confession, and we want your consent.’ The prisoner said, in effect, he thought it hard, or not fair, that Joseph should have the advantage of making the confession, since the thing was done for his benefit. ‘ I told Joseph, when he proposed it, that it was a silly business, and would only get us into difficulty.’ Phippen, as I supposed to reconcile Frank to Joseph’s confessing, told him, that if Joseph was convicted, there wotxld be no chance for him (Joseph), but if he (Frank) was convicted, he might have some chance lor procuring a pardon. Phippen then appealed to me and asked me if I did not think so. I told him, 6 I did not know , I was unwilling to hold out any improper encouragement.’ ”
The counsel for the prisoner objected to the witness’s stating any further confessions, it appearing that a hope of pardon was held out to the prisoner if he would make a confession.
Webster, for the Commonwealth, said that as a general principle, confessions are evidence. To exclude them, the prisoner must show that they were not voluntary. In the course of the conversation referred to by the witness, the prisoner made important admissions, which the government are entitled to prove, unless they come within the exception. There is no evidence that they were obtained by encouragement or menace. No confession was asked of the prisoner, but he was merely requested to assent to his brother’s making a confession. He is not told that it will be better for him to assent ; but just the *510 reverse ; that making such a confession will save his brother an(j be better on the whole, but that it will be worse for the prisoner. If there was any encouragement, the object, of it was, not to procure the prisoner’s confession, but to induce him to consent that another person should make a confession. What he uttered besides, was not upon such encouragement.
Dexter and Gardiner, contra,
observed that evidence of the slightest improper influence upon the prisoner, would exclude his confessions. It is said that nothing was asked, except an assent that Joseph should confess ; but such assent is itself a confession, and the prisoner was encouraged to assent, by the chance of pardon which was held out to him. That the language of Phippen was understood as encouragement, is proved by the remark of Colman, that he was unwilling to hold out improper encouragement. The natural import of the words is, if Joseph is convicted, he will have no chance ; if you confess and are convicted, there may be a hope for pardon. If the encouragement applied only to the assent, yet all that was said by the prisoner afterwards was under the same influence, and therefore cannot be received in evidence. As to the nature of this species of evidence, they cited Foster, 243 ; Phil. Ev. (1st Am. ed.) 86, 81, and note ; 2 Stark. Ev. 48 ; Rex v. Thompson, 1 Leach, 325.
Wilde J. and Morton J. expressed the e opinions, that the assent of the prisoner that Joseph should confess, would imply that the prisoner was guilty ; that the assent was given under the influence of a hope of pardon which was held out to him ; and that the subsequent admissions at the same interview must be considered to have been made under the same influence.

 See Commonwealth v. Locke, 4 Pick. 485. But the prisoner is not entitled to a list of the witnesses, whom the counsel for the government propose to examine at the trial. Commonwealth v. Walton, 17 Pick. 403.

 See People v. Mather, 4 Wendell, 229 ; Ex parte Vermilyea, 6 Cowen, 555 People v. Jewett 3 Wendell, 314; Mice v. State, 1 Yerger, 432; Brown v. Com monwealthy 2 Leigh, 769; JYoble v. People, 1 Breese, 29.

 See 1 Chitty on Crim. Law, (3d Am. ed.) 617, 618 and cases cited in notes; Roscoe’s Dig. Crim. Ev. 123; Revised Stat. c. 135, § 14.